UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOE CAGNO,<br><br>    Plaintiff,<br><br>v.<br><br>SUPREME MORTGAGE LENDING, INC.,<br><br>    Defendant. | Case No. 24-cv-04713-PHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. 7 |

Plaintiff Joe Cagno ("Plaintiff") brings this action against his former employer, Defendant Everett Financial, Inc. (erroneously sued as "Supreme Mortgage Lending, Inc.") and Does 1-10 ("Defendant"), asserting violations of the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12940 *et seq.*, as well as claims for breach of contract and fraud. [Dkt. 1-4].  The Parties have consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c).  [Dkt. 6; Dkt. 8].  Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Dkt. 7]. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply.  [Dkt. 9; Dkt. 11]. The Court heard oral argument on the motion on November 14, 2024.  *See* Dkt. 20.  Having reviewed the Parties' written and oral arguments and the governing law, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND** for the reasons set forth herein.

## BACKGROUND

Plaintiff alleges that he worked for Defendant, as a Retail Mortgage Executive, from August 4, 2023 until December 1, 2023, when he was terminated "for the sole reason that he was a male." [Dkt. 1-4 at ¶¶ 4-5].  Plaintiff alleges that throughout "the entire duration" of his

employment with Defendant he was "harassed . . . constantly because of his gender." *Id.* ¶ 10. He alleges that "such acts of harassment were well known" to his "supervisors and managers," who "did nothing to stop such acts of harassment, although they all had the ability to do so at all times." *Id.* Plaintiff alleges that this "continuous harassment" to which he was subjected "was done for the sole purpose of making [him] unhappy . . . in order to force him to quit his employment." *Id.* ¶ 13.

In the Complaint, Plaintiff also alleges that, at the start of his employment, "[o]n or about August 4, 2023," he entered into a written contract with Defendant in which Defendant agreed to pay Plaintiff "incentives to go to work for them in the total sum of $485,000." *Id.* ¶ 18. Plaintiff alleges that "[o]n or about December 1, 2023," Defendant breached the contract "by refusing to pay Plaintiff any portion of said sum of $485,000." *Id.* ¶ 20.

Finally, Plaintiff alleges that Defendant "acted with malice and fraudulent intent to deceive, and oppression," by "promis[ing] to pay Plaintiff the sum of $485,000 . . . without any intention of performing said promise" and "with the intent to defraud and induce Plaintiff to go to work for them." *Id.* ¶¶ 23-26.

According to the Complaint, following these events, Plaintiff filed a timely charge of discrimination with the California Civil Rights Department. *Id.* ¶ 6. After receiving notice of his right to sue from that agency, on March 7, 2024, Plaintiff commenced this action against Defendant, in California state court, asserting five causes of action: (1) gender discrimination, in violation of FEHA, Cal. Gov't Code § 12940(a); (2) failure to prevent harassment, in violation of FEHA, Cal. Gov't Code § 12940(k); (3) hostile work environment, in violation of FEHA, Cal. Gov't Code § 12940(j); (4) breach of contract; and (5) fraud. As relief, Plaintiff requests general and punitive damages, attorney's fees, costs, and any other relief the Court deems proper and just.

After removing the case to federal court, on August 9, 2024, Defendant filed the present motion, arguing for dismissal of Plaintiff's claims, in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 7]. In the motion to dismiss, Defendant argues that Plaintiff fails to provide any nonconclusory facts to support his claims "beyond stating that Plaintiff employed him (a male individual) as a Retail Mortgage Executive in August 2023 and terminated him in

December 2023," and instead, merely "parrots" the elements for each cause of action. *Id.* at 3.

## LEGAL STANDARD

The legal standard under Federal Rule of Civil Procedure 12(b)(6) is well-know: a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011)).

In reviewing the sufficiency of a complaint, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109-10 (9th Cir. 2019) (citing *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action[.]'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016)).

Federal Rule of Civil Procedure 9(b) requires that fraud be pled "with particularity." "Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations and permitting a particularized basis for a defendant to respond to the particularized allegations." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) (citation omitted). To plead fraud with particularity, "the pleader must state the time, place, and specific content of the false representations as well as the identity of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). That is, "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the alleged misconduct. *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1112 (9th Cir. 2024) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

**ANALYSIS**

**I.     Plaintiff's FEHA Gender Discrimination Cause of Action**

Plaintiff first alleges a FEHA claim for gender discrimination. [Dkt. 1-4 at ¶¶ 1-11]. Under FEHA, it is unlawful for an employer to "discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's gender. CAL. GOV'T CODE § 12940(a). A FEHA discrimination claim requires that a plaintiff make a *prima facie* showing and ultimately prove that: "(1) he was a member of a protected class[;] (2) he was qualified for the position sought or was performing competently in the position he held[;] (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job[;] and (4) some other circumstance suggests discriminatory motive." *Park v. Bd. of Tr. of Cal. State Univ.*, 393 P.3d 905, 911-12 (Cal. 2017) (citing *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000)); *accord Lawler v. Montblanc N. Am. LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013).

With regard to the fourth element of motive, "[a] discriminatory motive under the FEHA has been defined as something that 'moves the will and induces action.'" *McDonald v. Coldwell*

4

*Banker*, 543 F.3d 498, 504 (9th Cir. 2008) (quoting *Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal. App. 4th 189, 199 (Cal. Ct. App. 1995)).

To establish a *prima facie* case of discrimination, a plaintiff "must at least show 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion.''" *Doe v. City & Cnty. of S.F.*, 835 F. Supp. 2d 762, 770 (N.D. Cal. 2011) (quoting *Guz*, 8 P.3d at 1113). Notably, "[w]hile a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796-97 (N.D. Cal. 2015); *Sangster v. Hewlett Packard Enter. Co.*, No. 23-cv-05438-HSG, 2024 WL 3408216, at *2 (N.D. Cal. July 11, 2024) ("Although this prima facie threshold is an evidentiary standard, not a pleading requirement, courts routinely look to these elements to decide whether a plaintiff has stated a plausible claim at the motion to dismiss stage[].") (internal citation omitted).

Here, as support for his gender discrimination claim, Plaintiff alleges that he is "male;" that he performed his job "satisfactorily;" and that Defendant fired him "for the sole reason that he was a male." [Dkt. 1-4]. Plaintiff's gender discrimination claim, as pled, amounts to mere recitation of conclusory elements of the cause of action. The Complaint is devoid of any allegations of facts relating to the circumstances of his termination. While malice and intent may be pled generally, the Court notes that the Complaint lacks any averment of facts suggesting a discriminatory motive. Fed. R. Civ. P. 9(b). Without additional, nonconclusory allegations regarding what transpired, Plaintiff's first cause of action is insufficiently pled. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, due not suffice."); *see, e.g.*, *Airy v. City of Hesperia*, No. EDCV 19-1212 JGB (KKx), 2019 WL 8017811, at *3 (C.D. Cal. Sept. 13, 2019) (dismissing a FEHA gender discrimination claim with leave to amend where the plaintiff failed to allege any facts from which

5

to infer a reasonable likelihood of discriminatory motive by the employer); *Vizcaino v. Areas USA, Inc.*, CV 15-417-JFW (PJWx), 2015 WL 13573816, at *4 (C.D. Cal. Apr. 17, 2015) ("[T]here are simply no facts alleged to support Plaintiff's conclusion that his termination was motivated by—or even related to—his gender."). Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's gender discrimination claim **WITH LEAVE TO AMEND**.

II.     **Plaintiff's FEHA Failure to Prevent Harassment Cause of Action**

Next, Plaintiff alleges a FEHA claim for failure by his employer to prevent the alleged harassment. [Dkt. 1-4 at ¶¶ 9-11]. FEHA prohibits an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace." CAL. GOV'T CODE § 12940(k). A plaintiff seeking to recover on a failure to prevent harassment claim under FEHA must show that: (1) he was subjected to harassment; (2) the defendant failed to take all reasonable steps to prevent the harassment; and (3) this failure caused the plaintiff to suffer injury, damage, loss, or harm. *Achal*, 114 F. Supp. 3d at 804 (citing *Lelaind v. City & Cnty. of S.F.*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)).

For this second cause of action, Plaintiff incorporates and relies on the alleged harassment as set forth in the first cause of action for gender discrimination. *See* Dkt. 1-4 at ¶ 9. Because, as discussed above, Plaintiff has failed to plausibly allege a claim under FEHA for harassment, his claim alleging a failure by his employer to prevent such harassment also necessarily fails due to the lack of sufficient pleading of the predicate. *See Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *21 (N.D. Cal. May 30, 2018) ("Because the Court finds Plaintiff has not stated a claim for harassment or discrimination under FEHA, . . . it necessarily follows that Plaintiff fails to state a failure to prevent claim under the same statute."); *Caldera v. Dep't of Corrs. & Rehab.*, 25 Cal. App. 5th 31, 44 (Cal. Ct. App. 2018) ("There can be no liability for an employers' failure to prevent harassment claim unless actionable harassment occurred."); *Dickinson v. Burke Williams, Inc.* 234 Cal. App. 4th 1307, 1314 (Cal. Ct. App. 2015) ("[C]ourts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision (k)."); *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (Cal. Ct. App. 1998) ("Employers should not be held liable to employees for failure to

1  take necessary steps to prevent such conduct, except where the actions took place and were not
2  prevented.").

3  Accordingly, Defendant's motion to dismiss Plaintiff's second cause of action for failure to
4  prevent harassment is **GRANTED WITH LEAVE TO AMEND**.

5  **III.    Plaintiff's FEHA Hostile Work Environment Cause of Action**

6  Plaintiff next alleges a claim under FEHA for hostile work environment. [Dkt. 1-4 at ¶¶
7  12-16]. The FEHA statute makes it illegal for an employer to "harass an employee . . . because of
8  . . . gender[.]" CAL. GOV'T CODE § 12940(j)(1). The required elements of a FEHA hostile work
9  environment claim are: (1) the plaintiff's membership in a protected group; (2) that the plaintiff
10 was subjected to harassment because of that membership; and (3) that the alleged harassment was
11 so "severe" or "pervasive" such that it "alter[ed] the conditions of [the plaintiff's] employment and
12 creat[ed] a [hostile or abusive] work environment." *Hughes v. Pair*, 209 P.3d 963, 971 (Cal.
13 2009); *Lawler*, 704 F.3d at 1244; *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal.
14 1999). Harassment that is merely "occasional, isolated, sporadic, or trivial" will not suffice.
15 *Hughes*, 209 P.3d at 971. That is, "[t]he plaintiff must show a 'concerted pattern of harassment of
16 a repeated, routine or generalized nature.'" *Lawler*, 704 F.3d at 1244 (citing *Aguilar*, 980 P.2d at
17 851.

18 Here, Plaintiff alleges that, throughout "the entire duration" of his employment with
19 Defendant, he was "harassed [] constantly[.]" [Dkt. 1-4 at ¶ 10]. Plaintiff alleges that these "acts
20 of harassment" were "because of his gender" and "done for the sole purpose of making [him]
21 unhappy . . . in order to force him to quit[.]" *Id.* ¶ 13. For this cause of action, Plaintiff
22 incorporates by reference his pleading of the second cause of action (failure to prevent
23 harassment), which as discussed above is insufficiently pled. Other than this incorporation by
24 reference, Plaintiff provides no additional allegations (much less details) concerning the alleged
25 "acts of harassment" about which he complains, such as who was involved in the incidents, when
26 and/or where the incidents happened, or even what happened. Moreover, Plaintiff alleges no facts
27 from which to infer that the "acts of harassment" relate to or were caused by his gender. As with
28 Plaintiff's gender discrimination and failure to prevent claims, the hostile work environment cause

7

of action, as pled, amounts to mere recitation of conclusory elements of the cause of action. Plaintiff cannot rely on conclusory allegations to adequately plead a claim for relief. *Iqbal*, 556 U.S. at 678; *see Vizcaino*, 2015 WL 13573816, at *5 (dismissing a plaintiff's FEHA gender-based hostile work environment claim, where the plaintiff "merely conclude[d] that he was subjected to unwanted harassing conduct because he is a man" and "fail[ed] to offer any allegations—conclusory or otherwise—that the harassment was 'severe' or 'pervasive'").

Accordingly, because Plaintiff has failed to plausibly facts sufficient to support this cause of action, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's hostile work environment claim **WITH LEAVE TO AMEND**.

### IV. Plaintiff's Breach of Contract Cause of Action

In his fourth cause of action, Plaintiff alleges breach of contract. [Dkt. 1-4 at ¶¶ 17-21]. To state a claim for breach of contract under California law, a plaintiff must adequately allege: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). To properly plead such a claim, "[t]he complaint must identify the specific provision of the contract allegedly breached by a defendant." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd* 700 F. App'x 588 (9th Cir. 2017) (citing *Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 281 (Cal. Ct. App. 2005)).

Here, Plaintiff alleges that Defendant "offered in writing" to pay Plaintiff $485,000 "to go to work" for Defendant; that Plaintiff "accepted said offer" and "went to work" for Defendant; and that Defendant subsequently "breached" the agreement "by refusing to pay Plaintiff any portion of said sum of $485,000." However, the Complaint does not attach the alleged written contract. Further, the Complaint provides no specificity as to what contractual provisions Defendant allegedly violated. Simply stating that Defendant offered to pay money as incentive for Plaintiff to work for Defendant and then breached the agreement by failing to pay Plaintiff $485,000 is too vague and generalized to state a claim for relief. The Complaint does not identify all of Defendant's obligations under the agreement, does not identify all of Plaintiff's obligations which

would have entitled him to any payment, does not identify how any such payments are structured under the alleged contract, and does not specify how Defendant breached all of its obligations.

Accordingly, the Court finds that Plaintiff has failed to plausibly allege the requisite elements of a breach of contract claim. For that reason, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's fourth cause of action for breach of contract **WITH LEAVE TO AMEND**.

### V.     Plaintiff's Fraud Cause of Action

Plaintiff's final cause of action is for fraud. [Dkt. 1-14 at ¶¶ 22-26]. "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); intend to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004).

Here, the Court finds that Plaintiff has failed to allege fraud with enough specificity to satisfy Rule 9(b). For this pleading, Plaintiff incorporates by reference the breach of contract pleadings. [Dkt. 1-4 at ¶ 22]. The only additional allegations supporting Plaintiff's fraud claim are that Defendant made a "promise" to pay him $485,000 "without any intention of performing said promise" and "with the intent to defraud and induce Plaintiff to go to work for them." However, Plaintiff does not allege who specifically made this promise, what specific statements were made, when and where the statements were made, or how they were made. *See Lazar v. Superior Ct.*, 909 P.2d 981, 989 (Cal. 1996) (stating that the particularity requirement for fraud claims "necessitates pleading *facts* which show how, when, where, to whom, and by what means the representations were tendered"). Simply restating a breach of contract claim coupled with additional general averments that the accused breaching party never intended to perform under the contract, without any details, is not a sufficient pleading of a fraud cause of action. Courts routinely dismiss fraud claims which appear on their face to be conclusory attempts to transform a breach of contract claim into a tort claim. *See, e.g.*, *Catena v. Capitol Records, LLC*, No. CV 12-00806 MMM (JCx), 2012 WL 12942740, at *10 (C.D. Cal. July 11, 2012).

Accordingly, the Court finds that Plaintiff has failed to satisfy the requisite minimum pleading standard for fraud and thus fails to state a claim for fraud. For the stated reasons, the

9

Court **GRANTS** Defendant's motion to dismiss Plaintiff's fifth cause of action for fraud **WITH LEAVE TO AMEND**.

## CONCLUSION

Accordingly, **IT IS ORDERED THAT:**

1. Defendant's motion to dismiss [Dkt. 7] is **GRANTED.**
2. The Complaint [Dkt. 1-4] is **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 9(b), for failure to state a claim for relief.
3. Plaintiff is **GRANTED LEAVE** to file an amended complaint that addresses the issues discussed herein by no later than **March 12, 2025**.

**IT IS SO ORDERED.**

Dated: February 10, 2025

_____
PETER H. KANG
United States Magistrate Judge