UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOE CAGNO,<br><br>   Plaintiff,<br><br>   v.<br><br>SUPREME MORTGAGE LENDING, INC.,<br><br>   Defendant. | Case No. 24-cv-04713-PHK<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

   Plaintiff Joe Cagno ("Plaintiff") brought this action against his former employer, Defendant Everett Financial, Inc. (erroneously sued as "Supreme Mortgage Lending, Inc.") and Does 1-10 ("Defendant"), asserting violations of the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12940 et seq., as well as claims for breach of contract and fraud. [Dkt. 1-4]. The Parties consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c). [Dkts. 6, 8].

   On August 9, 2024, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 7]. Plaintiff filed an opposition to the motion, and Defendant filed a reply. [Dkts. 9, 11]. The Court heard oral argument on the motion on November 14, 2024. *See* Dkt. 20. On February 10, 2025, the Court issued an Order granting the motion to dismiss without prejudice and granting Plaintiff leave to file an Amended Complaint by March 12, 2025. [Dkt. 23].

   Plaintiff never filed an Amended Complaint in this action at any time.  Plaintiff never sought an extension of time from the Court to file an Amended Complaint.  Plaintiff effectively abandoned this case.  On March 27, 2025, the Court terminated this case.  [Dkt. Entry dated March 27, 2025].

   Plaintiff's abandonment of pursuing prosecution of this case is evidenced by his filing a new

lawsuit against this Defendant on April 28, 2025.  *See* Dkts. 24-25 (Judicial Referral for Purpose of Determining Relationship of Cases and Order Relating Case); *see also* Case No. 25-cv-03700-PHK [Dkt. 1] (original Complaint in the new lawsuit ending with docket number -3700 filed on April 28, 2025).

That is, in the instant action (ending in docket number -4713), Plaintiff opted to stand on his original Complaint (despite its dismissal for failure to state a claim), waived his right to amend that Complaint, and chose instead to institute a new lawsuit against this Defendant.  At a hearing in the new -3700 lawsuit held on December 11, 2025, Plaintiff admitted that he abandoned the instant lawsuit (docket number -4713), chose not to amend the Complaint in this lawsuit (docket number -4713), and instead chose to file a new lawsuit (docket number -3700).  *See* Case No. 25-cv-03700-PHK, Dkt. 34 (Clerk's Notice for Hearing Date and Time).

At the December 11, 2025 hearing in the new -3700 lawsuit, Plaintiff admitted that the Court has the jurisdiction and authority *sua sponte* to formally dismiss the instant -4713 case under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  As noted, Plaintiff admitted at the hearing that he voluntarily chose to abandon the instant -4713 case.  Counsel for Defendant argued at this December 11, 2025 hearing that formal dismissal of the instant -4713 case under Rule 41(b) would also be appropriate for failure to follow a Court Order (that is, Plaintiff's failure to file an Amended Complaint by the deadline set by the Court).

Based on the record, it is clear that Plaintiff's failure to file an Amended Complaint by the deadline set by the Court in its dismissal Order was a conscious and knowing decision.  The failure to file an Amended Complaint after a court grants a motion to dismiss for failure to state a claim (with leave to amend) transforms that dismissal order into a dismissal with prejudice and a final order on the merits.  *See Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3rd Cir. 2016) (district court dismissed first case "without prejudice for failure to state a claim—a decision on the merits— and provided [plaintiff] 30-days' leave to amend.  When that 30-day period expired, the District Court's decision became final.  Indeed, we have held that a plaintiff can convert a dismissal without prejudice into a final order by 'declar[ing] his intention to stand on his complaint.'  By opting to not amend his complaint in [the first case] within the time frame provided by the District Court,

2

[plaintiff] elected to 'stand on his complaint,' thereby converting the District Court's dismissal into a final order."); *see also Nybeck v. A.O. Smith Corp.*, 2018 WL 11222666 at *1 n.1 (E.D. Penn. April 25, 2018) (court granted motion to dismiss, closed the case, and granted Plaintiff leave to amend; "Plaintiff failed to meet the deadline for amending the complaint…. [Plaintiff] failed to file an amended complaint and instead filed a new lawsuit in state court which 'arose from facts identical to those in' the first case…. [T]he dismissal order was a final judgment on the merits once Plaintiff failed to file an amended complaint by [the deadline]…. As found by the Third Circuit in Hoffman, a dismissal without prejudice for failure to state a claim is a final decision on the merits once the period for leave to amend lapses."). Thus, Plaintiff Cagno's failure to file an Amended Complaint by the deadline set here in this -4713 case transformed the Order of dismissal [Dkt. 23] into a dismissal with prejudice and a final adjudication on the merits.

Accordingly, for clarity of the record and docket management, and further in light of Plaintiff's admissions on the record at the December 11, 2025 hearing, the Court hereby exercises its discretion and *sua sponte* enters this Order **DISMISSING** this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). By the terms of Rule 41(b), a dismissal under this Rule "operates as an adjudication on the merits" and thus this lawsuit is hereby formally confirmed to be **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter a Final Judgment in favor of Defendant and against Plaintiff in this action.

**IT IS SO ORDERED.**

Dated: December 12, 2025

PETER H. KANG
United States Magistrate Judge